UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**BRITNEY N. JONES**                               **DOCKET NO. 5:13-cv-2513**

**VERSUS**                                         **JUDGE DONALD E. WALTER**

**WELLS FARGO BANK, N.A., ET AL.**        **MAGISTRATE JUDGE HAYES**

**MEMORANDUM ORDER**[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Attorney's Fees and Expenses, [doc. # 54], filed by Plaintiff Britney N. Jones. Defendant Cox Management Services ("Cox") opposes the Motion. [doc. # 64]. For reasons set forth below, the Motion is **DENIED**.

**Background**

Plaintiff served Cox with six requests for admission ("the Requests") on September 26, 2014. [doc. # 54-2, p. 7-8]. On October 3, 2014, Cox responded and denied each request without explanation or qualification. *Id.* at 9-10. On October 15, 2014, Plaintiff's counsel deposed Michael Cox, Cox's founder and president, and Mr. Cox admitted that the matters Plaintiff requested Cox to admit were indeed true, thus prompting the instant Motion for Attorney's Fees and Expenses. *Id.* at 12-23. However, the discovery deadline in this case was October 14, 2015, and the deadline for serving written discovery was 30 days prior to that date,

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

or September 14, 2014.  Therefore, the requests for admission were untimely sought, and this court declines to impose sanctions for the defendant's failure to admit the matters which were the subject thereof.

The court further notes that, even if the requests had been timely sought, there has been no showing by the plaintiff that any additional expenses were incurred as a result of the denial.  First it is obvious that no additional expenses were incurred as a result of the preparation of the requests themselves.  Second, the October 15th deposition was scheduled prior to the denial, and plaintiff has not disputed defendant's assertion that the matters in the requests were not the only subjects sought to be or which were covered in the deposition.  Finally, the court having granted defendant's motion for summary judgment, dismissing this case in its entirety, the admissions sought were, after all, of no substantial importance. [1] Therefore, the motion for attorneys fees is hereby DENIED.

---

[1] Federal Rule of Civil Procedure 37(c)(2) provides:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
> (A) the request was held objectionable under Rule 36(a);
>
> (B) the admission sought was of no substantial importance;
>
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
>
> (D) there was other good reason for the failure to admit.

FED. R. CIV. P. 37(c)(2).

In Chambers, Monroe, Louisiana, this 9th day of January, 2015.

                                                                                               */s/ Karen L. Hayes*
                                                                                               KAREN L. HAYES
                                                                                               UNITED STATES MAGISTRATE JUDGE